JOSEPH ZULJEVIC, PLAINTIFF, v. ROBERT McINTYRE
AND ERNEST GANDLY, DEFENDANTS.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices Case, Daly and Donges.

For the rule, *Coult, Satz & Tomlinson* (*Gerald T. Foley,*
of counsel).

*Contra, William F. Burke.*

Per Curiam.

The plaintiff brought his action to recover damages for
personal injuries and damages to an automobile owned and
driven by him, sustained in a collision with a bus owned
by defendant McIntyre and driven by defendant Gandly. The
case was tried at the Hudson Circuit and the jury returned
a verdict against both defendants and assessed the damages
at $3,000 for the personal injuries and $500 for the property
damage. The defendants obtained a rule to show cause why
the verdict should not be set aside and a new trial granted
and urge as the sole ground therefor that the verdict is exces-
sive. However, defendants' brief concedes that the assess-
ment of $500 for the property damage is not excessive.

The sole testimony as to plaintiff's personal injuries and
the loss of earnings resulting therefrom was that given by
the plaintiff himself. He claimed to have been treated by
five doctors of his injuries, but not one of the doctors was
called to testify. There is no evidence of any expenditures
for medical treatment.

Plaintiff testified that he sustained, in the accident, cuts and bruises and that he was rendered weak and nervous as a result thereof. He also testified that he was unable to do the same work after the accident which he did before the accident. He was the captain of a schooner and a part owner therein. He testified that he was actually laid up as a result of the accident for fourteen days thereafter, that he then made a trip with his ship lasting twenty-seven days after which he was unable, because of his injuries, to make a trip for two or three months. He testified that he averaged $75 to $90 a week while actually engaged in making a trip with his boat. The sole testimony as to plaintiff's loss of earnings was that given by him and he did not produce his books of account although he testified he kept records of some nature. The testimony of physical injuries, pain and suffering, and of the loss of earnings because of the same, is too meagre to justify the amount of the verdict.

The verdict for $3,000 for the personal injuries is excessive. If plaintiff will accept a reduction of the verdict for personal injuries to $1,200 the rule will be discharged, otherwise it will be made absolute.